UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

MAURICE L. WEATHERSPOON, CIVIL NO. 02-826 (MJD/JMM)

Plaintiff,

v. REPORT AND RECOMMENDATION

DAVID JOHNSON,
Judge DAVID P. SULLIVAN and
RICHARD HANSEN,

Defendants.

Plaintiff, a prisoner at the Minnesota Correctional Facility in Rush City, Minnesota, commenced this action by filing a pleading entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. Section 1983." (Docket No. 1.) The matter is presently before the undersigned Magistrate Judge for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff's Complaint fails to state a claim on which relief can be granted. It will therefore be recommended that this action be summarily dismissed pursuant to § 1915A(b).

## I. BACKGROUND

Plaintiff's current claims stem from the Minnesota state criminal case that resulted in the prison sentence he is now serving. See State v. Weatherspoon, No. C6-99-

[1] Plaintiff did not tender the statutory filing fee with his Complaint, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) By order dated April 23, 2002, (Docket No. 3), the Court advised Plaintiff that his IFP application would not be addressed, and his action could not proceed, unless he paid the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). Plaintiff recently paid his initial partial filing fee, (Docket No. 4), so the matter is now ripe for initial screening pursuant to § 1915A.

JUN 03 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

582 (Minn.App. 2000), 2000 WL 228413 (unpublished opinion), review denied, April 25, 2000. He is attempting to sue David Johnson, the county attorney who prosecuted his case, Richard Hansen, his defense attorney, and David P. Sullivan, the presiding state court judge.

The Complaint in this case is not very complete, and it does not clearly explain the facts or legal reasoning on which Plaintiff's claims are based. Plaintiff apparently believes that his criminal case should have been dismissed because he was not brought to trial within the time limit prescribed by the Interstate Agreement on Detainers Act, ("IAD"), which is codified at Minn.Stat. § 629.294. He alleges that the county attorney, Defendant Johnson, "accepted custody to bring person to trial within 180 days specified in the IAD. which he did not. 2-5-98." (Complaint, [Docket No. 1], p. 3, § IV.) He further alleges that his defense attorney, Defendant Hanson, "never informed the trial court of Plaintiff's IAD demand that the 180 days had expired 8-11-98." (Id.) Lastly, it is alleged that the state court judge, Defendant Sullivan, "failed to apply the IAD by retaining jurisdiction beyond the statutory period[;] the complaint should have been dismissed prior to the trial on 9-28-98." (Id.) There are no other allegations in the Complaint.

In the "Relief" section of his Complaint, Plaintiff indicates that he is seeking an unspecified sum of "money damages" from Defendants. (Id. p. 4, § V.)

**II. DISCUSSION**

Because Plaintiff is a prisoner who is seeking redress from government employees, (namely the county prosecutor and the state court judge), his pleading is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to

screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the pleading fails to state a legally cognizable claim, the action must be dismissed. 28 U.S.C. § 1915A(b)(1).

Here, the action must be dismissed in its entirety pursuant to § 1915A(b)(1), because Plaintiff has failed to state any claim on which relief can be granted. Plaintiff's Complaint suffers from at least three fatal flaws: (1) there is no constitutional basis for Plaintiff's claims; (2) Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994); and (3) none of the named Defendants can properly be sued under § 1983.

A. No Constitutional Basis For Plaintiff's Claims

To state a claim under 42 U.S.C. § 1983, as Plaintiff apparently is attempting to do here, the complainant must allege facts, which if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while the defendant(s) acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Claims based solely on state law are not actionable under § 1983. Holloway v. Reeves, 277 F.3d 1035, 1038 (8th Cir. 2002).

In this case, it clearly appears that Plaintiff's claims are based entirely on Defendants' alleged non-compliance with the IAD – which is a state law. See Minn.Stat. § 629.294. Because Plaintiff's Complaint does not describe any alleged violation of his federal constitutional rights, he has failed to state an actionable § 1983 claim.

B. Plaintiff's Claim Are Barred By Heck v. Humphrey

Even if there were some constitutional basis for Plaintiff's current claims, he still would be precluded from bringing those claims in the present § 1983 action. Because a judgment in Plaintiff's favor in the present civil rights action would cast doubt on the validity of his criminal conviction and sentence, his claims are barred by the Supreme Court's decision in Heck v. Humphrey.

In Heck, the Court reiterated that a prisoner cannot challenge the fact or duration of his incarceration in a civil rights action. Habeas corpus is the exclusive federal remedy for a prisoner who believes that he is being wrongfully imprisoned. Id. at 481, citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973). Thus, even when a prisoner-plaintiff demands only money damages, he cannot bring a civil rights action that would effectively "call into question the lawfulness of [his] conviction or confinement." Heck, 512 U.S. at 483.

> "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid..., a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."

Id. at 486-87 (footnote omitted). See also, Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996) ("Heck requires favorable termination of the action in an authorized state tribunal or

a federal habeas court, even if the claim is for damages rather than earlier release").

In this case, Plaintiff obviously believes that Defendants somehow violated his legal rights during the course of his state criminal prosecution, and that his conviction and sentence are therefore invalid. According to Heck, however, civil rights claims based on legal improprieties that allegedly occurred during Plaintiff's criminal prosecution cannot properly be raised in federal court, unless Plaintiff first establishes in a proper forum -- i.e., a state or federal post-conviction proceeding -- that his conviction and sentence were, in fact, invalid.

Thus, even if Plaintiff has some viable constitutional claim, he could not bring it at this time. He cannot maintain a civil action seeking damages, (or any other relief), for unconstitutional acts that allegedly caused him to be wrongly convicted and/or sentenced, without first securing an order, (presumably in a state or federal habeas corpus proceeding), which specifically invalidates his conviction and sentence. Because that pre-condition has not yet been satisfied, Plaintiff is unable to state a civil rights claim on which relief can be granted.

C. Defendants Cannot Be Sued Under § 1983

Finally, even if some constitutional claim could be found in Plaintiff's Complaint, and even if that claim were not barred by Heck, this action still would have to be dismissed as to each of the three named Defendants.

First, Plaintiff cannot maintain a civil rights action against the judge in his criminal case, Defendant Sullivan, because he is immune from suit under the doctrine of judicial immunity. Pierson v. Ray, 386 U.S. 547, 553-54 (1967) (reaffirming that judges are completely immune from civil lawsuits based on claims of misconduct during the

performance of their judicial functions). See also Stump v. Sparkman, 435 U.S. 349, 355-57 (1978); Mireles v. Waco, 502 U.S. 9, 11 (1991); Liles v. Reagan, 804 F.2d 493, 495 (8th Cir. 1986).

Plaintiff cannot maintain a civil rights action against the county attorney who prosecuted his criminal case, Defendant Johnson, because he is immune from suit under the doctrine of prosecutorial immunity. Imbler v. Pachtman, 424 U.S. 409, 427-428 (1976) (holding that prosecutors are absolutely immune from civil rights claims based on actions taken while initiating and pursuing a criminal prosecution). See also Patterson v. Von Riesen, 999 F.2d 1235, 1237 (8th Cir. 1993); Snelling v. Westhoff, 972 F.2d 199, 200 (8th Cir. 1992) (per curiam), cert. denied, 506 U.S. 1053 (1993).

Plaintiff also cannot sue his defense attorney, Defendant Hansen, because private attorneys are not considered to be "state actors" who can be sued in a § 1983 civil rights action. Polk County v. Dodson, 454 U.S. 312, 318 (1981); Dotlich v. Kane, 497 F.2d 390 (8th Cir. 1974); Sebastian v. U.S., 531 F.2d 900, 904 (8th Cir.), cert. denied, 429 U.S. 856 (1976).

## III. CONCLUSION

For all the reasons discussed above, the Court concludes that Plaintiff's Complaint fails to state a claim on which relief can be granted. It will therefore be recommended that this action be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1). It will also be recommended that Plaintiff's IFP application be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff shall

remain liable for the unpaid balance of the $150 filing fee.[2] To date, he has paid only $21.00, so he still owes $129.00. Prison officials will have to deduct that amount from his prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Finally, the Court will recommend that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**;

2. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely $129.00, in accordance with 28 U.S.C. § 1915(b)(2); and

---

[2] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

4. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."

Dated: May 30, 2002

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before June 14, 2002, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.